Hector Garcia
8249 Rensselaer Way
Sacramento, California 95826
Telephone: (916) 205-5047
Email: garciazemail@gmail.com

**FILED**

JUL 0 1 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hector Garcia,<br><br>    Plaintiff,<br><br>v.<br><br>California Department of Public Health, State of California,<br><br>    Defendants. | No. 2:20CV1309 KJM DB (PS)<br><br>**Complaint for Declaratory Relief and Damages for: Violations of the Fair Labor Standards Act (FLSA); California Labor Code; Unfair Competition Law.** |

## INTRODUCTION

1. This is an action for relief from Defendant's violation of Plaintiff's workplace rights. This Complaint alleges that Defendant, California Department of Public Health blatantly violated both federal and state wage and hour laws, involving himself and others similarly situated at the Center for Healthy Communities (CHC).

2. Plaintiff began working at the Chronic Disease Control Branch (CDCB), within CHC on April 1, 2015, as a Health Program Specialist. Plaintiff was offered a position as Administrator for the Preventive Health and Health Services (PHHS) Block Grant Program. In that capacity, Plaintiff provided technical assistance to approximately 30 programs that participated in a federal program which required oversight by the Centers for Disease Control and Prevention (CDC).

3. When Plaintiff began working at the CDCB on April 1, 2015, he administered the PHHS Block Grant Program with two Departments, i.e., the Emergency Medical Services Authority (EMSA) and the California Department of Public Health (CDPH). This included communicating with the participating programs, with CDC, and with an Advisory Committee (AC). The oversight activity in which plaintiff was involved consisted of both fiscal oversight and programmatic oversight.

4. Working to ensure compliance with federal statutes and federal regulations, plaintiff worked with participating programs to prepare a yearly State Plan, Annual Reports, and Success Stories. Plaintiff was required to review spend rates and review the manner in which funds were expended.

5. When Plaintiff was hired on April 1, 2015, he was designated as the Administrator for the Preventive Health and Health Services Block Grant program. While there was no Team, he was assigned an Editor. However, no fiscal person, nor any other state employees were assigned to assist in this oversight, despite the fact that federal funds were used to pay salaries to individuals within the Branch.

6. During all relevant times, Plaintiff, began each day at 6:00 a.m. arriving early to beat the traffic, as he drove to work on his bicycle. He was scheduled to leave at 4:00 p.m. He left when it was permissible, at times working until 5:00 p.m. At least four times a year, Plaintiff was required to skip lunch in order to participate in Centers for Disease Prevention and Control (CDC) quarterly meetings as directed. This repeated, systematic and continuous request that lunch be skipped is a violation of State law and the Collective Bargaining Agreement (CBA). Furthermore, others within the Branch were required to skip Their meal periods.

7. It quickly became clear that the CDCB regularly violated statutes mandating working conditions. For example, when plaintiff scheduled his surgery, his request for leave was denied because there was no one assigned to the Team to perform time sensitive tasks.

8. When the Centers for Disease Control and Prevention (CDC) requested

2

1  quarterly meetings, Plaintiff was instructed to attend those meetings during the lunch hour,
2  despite the fact that there was an alternative solution to the lunch hour meeting.
3      9. The PHHS Block Grant program is a large and complex program, fully funded
4  through the federal government's Department of Health and Human Services.
5      10. The California Department of Public Health administers the funds, and
6  disperses those funds to two Departments, i.e. the California Department of Public Health
7  (CDPH) and the Emergency Medical Services Authority (EMSA). In total, there are, at all
8  times relevant approximately 30 funded programs funded through these funds.
9      11. When Plaintiff was assigned to the PHHS Block Grant program, he was
10 required to oversee the programmatic and fiscal side of the program. This meant that he
11 oversaw the development of a State Plan that required coordinated action with all of the
12 programs, an Advisory Committee and he was to set up a duly noticed Advisory
13 Committee Meeting. These meetings were Noticed in the Register of the Office of
14 Administrative Law. OAL is responsible for ensuring that California state agencies comply
15 with the rulemaking procedures and standards set forth in California's Administrative
   Procedure Act (APA).
16     12. Plaintiff was also required to develop reports to CDC including Annual
17 Reports, Success Stories, and to ensure that monthly expenditures were in
18 compliance with federal standards. Plaintiff participated in a federal on-site
19 compliance review inspection.
20     13. This work which began 2015 continued in 2016, 2017, 2018 and 2019. Each
21 time that the Branch Chief, Jessica Nunez requested a written schedule of work hours,
22 plaintiff provided that information. In this manner, Jessica Nunez was able to oversee the
23 work of plaintiff. Plaintiff continued working excess hours, under the implied consent of
24 Jessica Nunez. It should be pointed out that the Branch Chief Jessica Nunez did not
25 object to the excessive hours that Plaintiff expended in carrying out his duties. Plaintiff sat
26 within feet of the Branch Chief and was not told to work less hours

14. Modifications to Plaintiff's responsibilities came at a snail's pace. An Administrator was hired on or about August 2018, while the Unit Chief responsible for fiscal matters was also hired on August 2018.

## Jurisdiction and Venue

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16 (b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*

16. This Court has supplemental jurisdiction over the related state law and collective bargaining agreement claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under the California Labor Code, the Unfair Competition Law, the Fair Pay Act Code and California common law form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with his federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

17. Pursuant to 28 U.S.C. § 1391(b) and Civil Local Rule 3-2(d), venue is proper in the Eastern District of California because Plaintiff resides in this District, Defendants reside in and employed Plaintiff in this District, and the unlawful employment practices alleged herein giving rise to Plaintiff's claims occurred in this District.

## Nature of the Action

18. This is an action brought pursuant to the FLSA, California Labor Code, the Unfair Competition Law, the Fair Pay Act, and state common law to obtain relief for Plaintiff. Plaintiff alleges that relief is entitled under 29 USC 216(b) as well as liquidated damages according to proof.

19. This action is brought by Plaintiff to secure declaratory relief and damages.

20. Defendants' violations of federal, state, and local employment laws by failing

1 | to adequately compensate Plaintiff for the hours he worked, and to secure
2 | declaratory, compensatory, and punitive damages to remedy Defendants'
3 | commission of acts against Plaintiff of his protected rights under federal and
4 | state employment laws.

to adequately compensate Plaintiff for the hours he worked, and to secure declaratory, compensatory, and punitive damages to remedy Defendants' commission of acts against Plaintiff of his protected rights under federal and state employment laws.

## Parties

21. Plaintiff Hector Garcia is a current resident of Sacramento, California. He was employed as an Administrator for the Preventive Health and Health Services Block Grant program for Defendant from on or about April 1, 2015 to June 30, 2019, 2019 and was at all relevant times a non-exempt employee. At the time of the filing of the Complaint Plaintiff is employed by the State of California as a Health Program Specialist.

22. Defendants State of California and the California Department of Public Health employed plaintiff at all times relevant to this action.

## Statement of the Facts

23. Plaintiff worked for defendants in Sacramento as a Health Program Specialist whose responsibilities were to serves as Administrator from April 1, 2015 to June 30, 2019. Plaintiff worked in excess of 40 hours per week during the terms of his employment and he was not paid for that excess time. He was denied meal time four times a year during his time with the CDCB. His requests for time out of office to secure medical care were resisted or denied, time and again.

24. When CDCB requested that Plaintiff provide defendant his work hours, that documentation was provided. Jessica Nunez, in charge of CDCB having requested that written documentation never raised any objections to the hours of work of provided by Plaintiff.

25. Plaintiff began each day at 6:00 a.m. and worked until 4:00 p.m. with a thirty

5

to adequately compensate Plaintiff for the hours he worked, and to secure declaratory, compensatory, and punitive damages to remedy Defendants' commission of acts against Plaintiff of his protected rights under federal and state employment laws.

## Parties

21. Plaintiff Hector Garcia is a current resident of Sacramento, California. He was employed as an Administrator for the Preventive Health and Health Services Block Grant program for Defendant from on or about April 1, 2015 to June 30, 2019, 2019 and was at all relevant times a non-exempt employee. At the time of the filing of the Complaint Plaintiff is employed by the State of California as a Health Program Specialist.

22. Defendants State of California and the California Department of Public Health employed plaintiff at all times relevant to this action.

## Statement of the Facts

23. Plaintiff worked for defendants in Sacramento as a Health Program Specialist whose responsibilities were to serves as Administrator from April 1, 2015 to June 30, 2019. Plaintiff worked in excess of 40 hours per week during the terms of his employment and he was not paid for that excess time. He was denied meal time four times a year during his time with the CDCB. His requests for time out of office to secure medical care were resisted or denied, time and again.

24. When CDCB requested that Plaintiff provide defendant his work hours, that documentation was provided. Jessica Nunez, in charge of CDCB having requested that written documentation never raised any objections to the hours of work of provided by Plaintiff.

25. Plaintiff began each day at 6:00 a.m. and worked until 4:00 p.m. with a thirty

5

1  minute break. Despite the fact that Plaintiff worked a minimum of 9.5 hours each day, he
2  was only paid for 8.00 hours for the day.

3      26. Defendant required Plaintiff, a non-exempt employee, to work at this pay
4  rate, specifically no wages, that fall far below the state and federal minimum wage.

5      27. Defendant California Department of Public Health failed to pay for the services
6  rendered, with full knowledge of this scenario.

## Claim for Relief
## Failure to Pay Overtime Wages
## In Violation of the California Labor Code

28. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

29. The California Labor Code applied to Plaintiff's employment with Defendants at all times relevant herein. California Labor Code § 510(a) mandates that employees shall receive overtime premium pay of not less than one and one-half (1 ½) times the employee's regular rate for the first eight (8) hours worked on the seventh consecutive day of work in a workweek.

30. Defendant failed to pay Plaintiff, a non-exempt employee, overtime premium pay for all hours worked in violation of the California Labor Code.

31. Labor Code § 558.1(a) provides for liability for an "other person acting on behalf of an employer[] who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Industrial Welfare Commission or [Labor Code] Section[. . . ] 1194."" Labor Code § 558.1(b) provides that an "other person" is "a natural person who is an owner, director, officer, or managing agent" of an employer.

32. On information and belief, Jessica Nunez is and was, at relevant times, was the Branch Manager of CDCB. Jessica Nunez knew, or should have known

1  that Plaintiff had provided her with his schedule of hours. However, she took no action
2  to adjust his wage statement with Human Resources.
3  33. Jessica Nunez interacted with Plaintiff on a regular basis and never discussed
4  his schedule of hours over the course of several years. This constituted wilful conduct.
5  34. Pursuant to California Labor Code § 1194(a), Plaintiff is entitled to recover his
6  unpaid overtime compensation, including interest thereon, in amounts to be proven at
7  trial.

## Claim for Relief
## Failure to Provide Accurate Itemized
## Wage Statements

35. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

36. California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with an accurate wage statement itemizing, among other things, the total hours worked by the employee during the pay period, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

37. At all times mentioned in this Complaint, Defendants paid no overtime wages to Plaintiff, even though Plaintiff earned these wages. The itemized wage statements statements issued to Plaintiff did not accurately reflect all applicable hourly rates that rates that should have been in effect during the respective pay periods. Nor did these itemized wage statements list the corresponding number of hours worked by Plaintiff at each applicable hourly rate. Instead, the itemized wage statements issued to Plaintiff reflected the reputed salary, without any indication of the rate of pay applicable with respect to those hours worked in

1 | excess of eight (8) hour per day and/or forty (40) per week.

2 | 38. In failing to receive accurate itemized wage statements from Defendants,
3 | Plaintiff suffered injury.

4 | 39. Defendants knowingly and intentionally failed to provide timely and accurate
5 | itemized wage statements to Plaintiff in accordance with FSLA. The statements provided
6 | to Plaintiff did not (and do not) accurately reflect the actual gross wages he earned or the
7 | total number of hours he worked.

8 | 40. Because defendant violated the mandates of the FSLA he is entitled to
9 | liquidated damages as will be proven at time of trial.

## Claim for Relief

## Meal Break Violations

41. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

42. California Labor Code § 512 (a) prohibits any employer from requiring any

43. employee to work for a "period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee." This law further prohibits the employer from employing an employee "for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second Meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

44. California Labor Code §226.7 prohibits any employer from requiring any employee to work during any meal period mandated by an applicable IWC Wage Order, and mandates that an employer who fails to provide an

1  employee with a required meal period shall pay that employee one additional hour of pay
2  at the employee's regular rate of compensation for each work day in which the meal
3  period is not provided.

4      46. Defendant CDPH was and is subject to the provisions of Labor Code Sections
5  226.7 and 512 and an applicable IWC Wage Order. IWC Wage Order 7-2001,
6  Subd. II(A) provides that: "No employer shall employ any person for a work period of
7  more than five (5) hours without a meal period of not less than 30 minutes ... " Such meal
8  breaks are unpaid only if: (1) such breaks are at least 30 minutes long; (2) the employee
9  is relieved of all duties; and (3) the employee is free to leave the work premises in order
10 to break.

11     47. Further, Subd. II(B) of IWC Wage Order 7-2001 reiterates the remedial
12 language of Labor Code § 226.7 by stating that if "an employer fails to provide an
13 an employee a meal period in accordance with the applicable provisions of this order
14 order, the employer shall pay the employee one (1) hour of pay at the employee's regular
15 rate of compensation for each workday that the meal period is not provided." (Emphasis
16 added).

17     48. Plaintiff is informed, believe and alleges that for the four years preceding the
18 filing of this action, Defendant often failed to provide meal breaks to Plaintiff,
19 consistent with the provisions recounted in the preceding paragraphs. Plaintiff was
20 was ordered to miss lunch in order to participate in meeting with the CDC and did not
21 did not receive his appropriate meal breaks and he never waived any of these rights.

22     49. Throughout the four years immediately preceding the filing of this Complaint,
23 Defendant failed to pay Plaintiff any statutory and/or regulatory one-hour pay penalty
24 penalty or wage for failing to provide meal breaks as required.

25     50. Plaintiff has suffered a loss of wages equaling one hour's wages, at his
26 regular hourly rates of pay, for all working days in which meal breaks were not
27 properly provided. The exact amount of loss suffered cannot presently be

calculated, but likely will be determined once time and payroll records are produced pursuant to discovery.

51. Because Defendant failed to provide Plaintiff with meal periods as required by law, Plaintiff is entitled to payment of additional wages as provided by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendants as follows:

1. A declaratory judgment that Defendants' actions complained of herein have violated Plaintiff's rights under the FLSA and the California Labor Code, including the right to be free from retaliation for the assertion of rights protected by the FLSA and the California Labor Code;

2. Unpaid minimum wages, unpaid wages at regular hourly rate, overtime premium wages, and other compensation denied or lost to Plaintiff to date by reason of Defendants' unlawful acts, according to proof;

3. Liquidated damages in an amount equal to minimum wages unlawfully unpaid;

4. Liquidated damages in an amount equal to overtime wages unlawfully unpaid;

5. Waiting time penalties under Labor Code § 203 for failure to pay wages due upon separation, according to proof;

6. General, compensatory, and special damages according to proof;

7. Exemplary and punitive damages according to proof; and interest accrued on plaintiff's damages.

10. Such other and further relief as this Court deems just and proper.

June 29, 2020