1
2
3
4
5
6
7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HECTOR GARCIA,                          No.  2:20-cv-1309 KJM DB PS

12                 Plaintiff,

13        v.                                 FINDINGS AND RECOMMENDATIONS

14   CALIFORNIA DEPARTMENT OF
     PUBLIC HEALTH, STATE OF
15   CALIFORNIA,

16                 Defendants.

17

18        Plaintiff Hector Garcia is proceeding in this action pro se.  This matter was, therefore,

19   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

20   Pending before the undersigned is defendant California Department of Public Health's partial

21   motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(1) of the Federal Rules of

22   Civil Procedure.  (ECF No. 10.)  For the reasons stated below, the undersigned recommends that

23   defendant's motion to dismiss be granted and plaintiff's amended complaint be dismissed without

24   further leave to amend.

25                              **BACKGROUND**

26        Plaintiff, proceeding pro se, commenced this action on July 1, 2020, by filing a complaint

27   and paying the applicable filing fee.  (ECF No. 1.)  Plaintiff is proceeding on an amended

28   complaint filed on August 20, 2020.  (ECF No. 4.)  The amended complaint alleges that plaintiff

                                      1

1   was employed by defendant California Department of Public Health ("CDPH") from April 1,

2   2015, to June 30, 2019.  (Am. Compl. (ECF No. 4) at 2.[1])  During this time plaintiff "regularly

3   worked more than forty (40) hours in a work week and was not compensated for the extra hours

4   worked."  (Id. at 3.)  "Year after year, Plaintiff worked a minimum of 9.5 hours each day yet he

5   was only paid for 8 hours a day."  (Id.)  Plaintiff also "worked through lunch" on "a quarterly

6   basis" without compensation.  (Id.)  "Defendant CDPH knew Plaintiff worked more than 40 hours

7   a week and that he was not compensated for these hours, and it willfully failed to pay Plaintiff

8   overtime wages[.]"  (Id.)  Pursuant to these allegations, the amended complaint alleges a claim for

9   violation of 29 U.S.C. § 207 of the Fair Labor Standards Act, ("FLSA"), as well as a claim for

10  violation of California Labor Code § 1194, and seeks monetary damages.  (Id. at 6-8.)

11       On October 22, 2020, defendant filed a notice to dismiss for hearing before the assigned

12  District Judge.  (ECF No. 7.)  On October 26, 2020, defendant re-noticed the motion for hearing

13  before the undersigned in compliance with Local Rule 302(c)(1).  (ECF No. 10.)  Plaintiff filed an

14  opposition and declaration on November 24, 2020.  (ECF Nos. 11 & 12.)  Defendant filed a reply

15  on December 1, 2020.  (ECF No. 13.)  Defendant's motion was taken under submission on

16  December 8, 2020.  (ECF No. 14.)

17                                    **STANDARD**

18  **I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

19       Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

20  motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific

21  claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may

22  either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

23  existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,

24  594 F.2d 730, 733 (9th Cir. 1979).

25       When a party brings a facial attack to subject matter jurisdiction, that party contends that

26  the allegations of jurisdiction contained in the complaint are insufficient on their face to

27

28  [1] Page number citations such as this one are to the page number reflected on the court's CM/ECF
    system and not to page numbers assigned by the parties.

1    demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

2    (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards

3    similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes,

4    23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.

5    1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted

6    only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v.

7    Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v.

8    Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review

9    evidence beyond the complaint without converting the motion to dismiss into a motion for

10   summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

11        When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no

12   presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d

13   at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any

14   evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

15   jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule

16   12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden

17   of establishing that such jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

18                                        **ANALYSIS**

19   **I.     Defendant's Motion to Dismiss**

20        Defendant seeks dismissal on "the one and only claim involving federal question—the

21   First Cause of Action under the FLSA—based on Eleventh Amended sovereign immunity."

22   (Def.'s MTD (ECF No. 10-1) at 2.)  The Eleventh Amendment bars suits against a state, absent

23   the state's affirmative waiver of its immunity or congressional abrogation of that immunity.

24   Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior

25   Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of

26   Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of

27   Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars

28   suits against the State or its agencies for all types of relief, absent unequivocal consent by the

state."). "[T]he Eleventh Amendment [also] bars a federal court from hearing claims by a citizen against dependent instrumentalities of the state." Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 972-73 (9th Cir. 1994).

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); see also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.

Accordingly, "[f]ederal courts lack jurisdiction over FLSA cases brought against States in the absence of a waiver of immunity." Quillin v. State of Or., 127 F.3d 1136, 1139 (9th Cir. 1997); see also Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 73 (1996); Gonzales v. Mayberg, No. CV-07-6248 CBM (MLG), 2009 WL 2382686, at *3 (C.D. Cal. July 31, 2009) ("The Court adopts the Magistrate Judge's conclusion of law that the Eleventh Amendment protects the State of California and its employees acting in their official capacities from suit under the FLSA absent a waiver of immunity.").

"As this court has previously recognized, 'California has not expressly waived its sovereign immunity under the FLSA.'" Brouillette v. Montague Elementary School Dist., Civ No. 2:14-840 WBS CMK, 2014 WL 2453036, at *2 (E.D. Cal. May 30, 2014) (quoting Baird v. Kessler, 172 F.Supp.2d 1305, 1310 (E.D. Cal. 2001)); see also McNair v. Mississippi, 43 F.Supp.3d 679, 686 (N.D. Miss. 2014) ("It is well-settled that sovereign immunity prevents an individual from bringing an action against a state in federal court for violation of certain provisions of the FLSA.").

4

In opposing defendant's motion to dismiss plaintiff argues that the State of California waived its sovereign immunity by accepting "federal funding for the Preventive Health & Health Services Block Grant (PHHSBG) program . . . as the funding contained conditions to the receipt of those funds." (Pl.'s Opp.'n (ECF No. 11) at 6.) Plaintiff asserts that "Congress acted to abrogate state immunity" for states that received this funding. (Id.)

"It is far from a novel proposition that pursuant to its powers under the Spending Clause, Congress may impose conditions on the receipt of federal funds, absent some independent constitutional bar." Lawrence County v. Lead-Deadwood School Dist. No. 40-1, 469 U.S. 256, 269-70 (1985). However, the court "will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" Edelman v. Jordan, 415 U.S. 651, 673 (1974) (quoting Murray v. Wilson Distilling Co., 213 U.S. 151, 171 (1909)).

Here, plaintiff argues that "[w]hen one reviews the OMB Uniform Guidance, and the several regulations that direct defendants conduct, it is clear that Congress intended to abrogate California's state immunity" upon the acceptance of the grant funding. (Pl.'s Opp.'n (ECF No. 11) at 14.) "A waiver of sovereign immunity will not be found in the absence of an 'unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment.'" Keller v. Fla. Dept. of Health, 682 F.Supp.2d 1302, 1305 (M.D. Fla. 2010) (quoting Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 n. 1 (1985)). "[T]he mere receipt of federal funds cannot establish that a State has consented to suit in federal court." Id.

Despite plaintiff's vague and conclusory assertion that "Congress intended to abrogate California's state immunity," plaintiff fails to cite to anything approaching "express language" or language that overwhelmingly implies waiver. And the undersigned could find no authority to support such a proposition.[2] Nor did California's mere receipt of federal funds constitute consent

---

[2] To the contrary, while the PHHSBG program appears to prohibit discrimination, it does not reference the FLSA. See 42 U.S.C. § 300w-7(a)(1). Moreover, only "the Attorney General" is authorized to "bring a civil action in an[] appropriate district court[.]"

1    to suit in this court.  Accordingly, the undersigned finds that plaintiff has failed to establish that

2    California waived its immunity.  See Romero v. California Dept. of Transp., No. CV 08-8047

3    PSG (FFMx), 2009 WL 650629, at *3 (C.D. Cal. Mar. 12, 2009) ("as no statute clearly conditions

4    Caltrans' receipt of these federal funds on its consent to waive its Eleventh Amendment

5    immunity, the Court finds that Caltrans has not waived its sovereign immunity through its

6    acceptance of federal funds").

7    **II.      Further Leave to Amend**

8            For the reasons stated above, the undersigned finds that defendant's motion to dismiss

9    should be granted and the amended complaint should be dismissed.  The undersigned has

10   carefully considered whether plaintiff could further amend the complaint to state a claim upon

11   which relief could be granted and over which the court would have subject matter jurisdiction.

12   Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."

13   California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.

14   1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293

15   (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have

16   to allow futile amendments).

17          In light of the deficiencies noted above and the argument found in plaintiff's opposition,

18   the undersigned finds that it would be futile to grant plaintiff further leave to amend.

19   **III.     Supplemental Jurisdiction**

20          If these findings and recommendations are adopted in full the court will dismiss the only

21   federal claim over which it has original jurisdiction and only a state law claim will remain.

22   Defendant asks that the court decline to exercise supplemental jurisdiction over the state law

23   claim.  (Def.'s MTD (ECF No. 7-1) at 4.)

24          A district court may decline to exercise supplemental jurisdiction over state law claims if

25   the district court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. §

26   1367(c)(3).  The court's discretion to decline jurisdiction over state law claims is informed by the

27   values of judicial economy, fairness, convenience, and comity.  Acri v. Varian Associates, Inc.,

28   114 F.3d 999, 1001 (9th Cir. 1997) (en banc).  In addition, "[t]he Supreme Court has stated, and

6

1 [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are

2 eliminated before trial, the balance of factors . . . will point toward declining to exercise

3 jurisdiction over the remaining state-law claims.'" <u>Acri</u>, 114 F.3d at 1001 (quoting <u>Carnegie-</u>

4 <u>Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n. 7 (1988)); <u>see also</u> <u>Satey v. JP Morgan Chase &</u>

5 <u>Co.</u>, 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of

6 the remaining state law claims is not mandatory).

7      Of course, "primary responsibility for developing and applying state law rests with the

8 state courts." <u>Curiel v. Barclays Capital Real Estate Inc</u>., Civ. No. S-09-3074 FCD KJM, 2010

9 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010).  Here, consideration of judicial economy, fairness,

10 convenience, and comity all point toward declining to exercise supplemental jurisdiction.

11 Therefore, the undersigned will also recommend that the assigned District Judge decline to

12 exercise supplemental jurisdiction over the amended complaint's state law claim.

### CONCLUSION

14      Accordingly, IT IS HEREBY RECOMMENDED that:

15      1.  Defendant's October 22, 2020 partial motion to dismiss, (ECF No. 7), re-noticed on

16 October 26, 2020, (ECF No. 10), be granted;

17      2.  The amended complaint's FLSA claim be dismissed without further leave to amend;

18      3.  The court decline to exercise supplemental jurisdiction over the amended complaint's

19 state law claim;

20      4.  The amended complaint's state law claim be dismissed without prejudice; and

21      5.  This action be closed.

22      These findings and recommendations are submitted to the United States District Judge

23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

24 being served with these findings and recommendations, any party may file written objections with

25 the court and serve a copy on all parties.  Such a document should be captioned "Objections to

26 Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served

27 ////

28 ////

7

and filed within fourteen days after service of the objections.  The parties are advised that failure
to file objections within the specified time may waive the right to appeal the District Court's
order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 10, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\garcia1309.mtd.f&rs

8